

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Luther C. Johnston
County Attorney
Palestine, Texas

Dear Sir:

> Opinion No. O-1692
> Re: May a county attorney represent
> an independent school district of the
> same county in the collection of
> delinquent taxes and the filing of
> and intervention in tax suits in its
> behalf?

We have your letter of November 14, 1939, requesting our opinion upon the following question:

"May a person be county attorney on a straight salary basis and at the same time represent an independent school district of the same county on a fee basis, a per cent of the collections, in the collection of their delinquent taxes, intervening for the district in tax suits, filed by the special tax attorney employed by the county to collect the delinquent state and county taxes, when necessary?"

The rule in this State is that an officer cannot accept employment incompatible with the duties of the office that he holds. Kugle v. Glen Rose Independent School District, 50 S. W. (2d) 375; Thomas v. Abernathy County Line Independent School District, 290 S. W. 152; State v. Brinkerhoff, 17 S. W. 109, 46 C. J. 941, 947; 22 R. C. L. 412, 418.

In the case of district and county attorneys, Article 32, Vernon's Annotated Code of Criminal Procedure, provides as follows:

"District and county attorneys shall not be of counsel adversely to the State in any case, in any court nor shall they, after they cease to be such officers, be of counsel adversely to the State in any case in which they have been of counsel for the State."

Article 7335, Vernon's Annotated Civil Statutes, which provides for the employment of an attorney by the commissioners' court for the collection of delinquent taxes after thirty days notice to the county or district attorney to file delinquent tax suits and his failure to do so, among other things provides as follows:

"It shall be the duty of the county attorney, or of the district attorney, where there is no county attorney, to actively assist any person with whom such contract is made, by filing and pushing to a speedy conclusion all suits for collection of delinquent taxes, under any contract made, as hereinabove specified;"

Article 7345b provides for the impleading or giving notice to all other taxing units by any taxing unit filing a delinquent tax suit, and Section 10 of said article provides as follows:

"The purchaser of property sold for taxes in such foreclosure suit shall take title free and clear of all liens and claims for taxes against such property delinquent at the time of judgment in said suit to any taxing unit which was a party to said suit or which had been served with citation in said suit as required by this Act."

From a consideration of the foregoing statutes it is evident that the office of county attorney is *incompatible* with the duties of a delinquent tax attorney for an independent school district located in the same county inasmuch as he might be required to take some action as delinquent tax attorney for the independent school districts which might result in the county sustaining some loss of its tax revenue.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By E. R. Simmons
Assistant

ERS:AMM